UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,
v.
Jonathan Mota_____, Defendant.

Case Number CR 13-00093 JST (NC)

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 30, 2013. Defendant was present, represented by his attorney AFPD Geoffrey Hansen. The United States was represented by Assistant U.S. Attorney Kathryn Haun. The hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

**PART I. PRESUMPTIONS APPLICABLE**
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
/ / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense
 A. ___ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
 B. ___ under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
/ X / No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**
/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.
/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**
/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report prepared April 29, 2013, supplemented by information presented at the hearing. At the hearing, the government presented information by proffer that Mota was a suspect in an uncharged armed robbery and homicide. The Court disregarded this assertion in its detention analysis, as there is no way for the defendant to rebut the assertion. Mota has not been charged and the government did not introduce any evidence in support of its assertion. Here, Mota is charged by indictment with a violation of 18 U.S.C. section 922(g) for being a felon in possession of a firearm. The following factors establish by more than clear and convincing evidence that Mota is a danger and should be detained in order to assure the safety of the community. This 31-year old defendant has served approximately 14 years of incarceration.

In 2006 he was convicted in state court on felonies for robbery and vehicle theft with a fiream. He has not demonstrated recent success while on community supervision, with five parole violations since his term commenced in May 2012.  Finally, according to parole records, Mota is affiliated with the Norteno gang.  Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community.  As to risk of non-appearance, the Court has concerns, but finds that those concerns could be addressed by a combination of release conditions, as the defendant has ties to this District and available property for bail.

///

Part V.  Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   April 30, 2013

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA \_\_\_, ATTY \_\_\_\_\_, PTS \_\_\_\_