UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN MOTA,<br><br>Defendant. | Case No. 13-cr-00093-JST-1<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br><br>Re: ECF No. 37 |

## I. INTRODUCTION

Criminal defendant Jonathan Mota has moved this Court to order suppression of any and all evidence seized during a search of 555 Yellow Hammer Lane, in Lakeport, California on January 26, 2013, and all fruits of evidence derived from that search, on the grounds that the search warrant authorizing the search was not supported by a sufficient affidavit of probable cause. The United States opposes the motion on the ground that Mota lacks standing to challenge the search. The United States also argues that the search warrant was only obtained in an abundance of caution, and that the search of 555 Yellowhammer Lane was constitutionally permissible without a warrant as a parolee search. Finally, the United States argues that the Court would need to examine a sealed *ex parte* section of the affidavit of probable cause, which is not currently in the record in this case, to determine whether the warrant was deficient and the officers' reliance thereon was not in good faith.

## II. ANALYSIS

### A. Standing

A criminal defendant bears the burden of demonstrating his standing to seek to suppress evidence. United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 756 (9th Cir. 2009). "To

have standing to seek suppression" of an unconstitutional search, a defendant "must show that he personally had 'a property interest protected by the Fourth Amendment that was interfered with . . . or a reasonable expectation of privacy that was invaded by the search.'" United States v. Lopez-Cruz, ___ F.3d ___, No. 11-50551, 2013 WL 4838908, at *3 (9th Cir. Sept. 12, 2013) (quoting United States v. Padilla, 111 F.3d 685, 688 (9th Cir.1997) (itself quoting United States v. Padilla, 508 U.S. 77, 82 (1993)). "The expectation must be an actual one and 'one that society is prepared to recognize as 'reasonable.''" United States v. $40,955.00 in U.S. Currency, 554 F.3d 752 at 756 (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979).

In applying this standard, the Supreme Court and Ninth Circuit have emphasized that criminal defendants generally lack standing to seek to suppress evidence uncovered in locations from which the defendant was legally barred, at least where the defendant knew himself to be so barred. See Rakas v. Illinois, 439 U.S. 128, 143, n. 12 (1978); United States v. Caymen, 404 F.3d 1196, 1200-01 (9th Cir. 2005); United States v. Cunag, 386 F.3d 888, 893-96 (9th Cir. 2004); Zimmerman v. Bishop Estate, 25 F.3d 784, 787-88 (9th Cir. 1994).

555 Yellow Hammer, Mota's mother's residence, is located within the territory of the Big Valley Rancheria Reservation, which is tribal property of the Big Valley Band of Pomo Indians. It is an undisputed fact that defendant was excluded from being on the reservation by the terms of his parole. Exhibit 1 to Declaration of Parole Agent David Johns ("Johns Decl."), ECF No. 46-1, at 3. Mota's initials appear next to that specific condition on his Notice of Conditions of Parole, and defendant does not dispute Agent Johns' declaration that Mota reviewed the conditions and signed them. Johns Decl. ¶ 5. Agent Johns has declared that he specifically reminded Defendant of this condition in a January 23, 2013 phone call, which Defendant does not dispute. Id. ¶ 12.

Defendant also does not dispute that the Pomo Tribal Council adopted a resolution banning him from all tribal property. Defendant's initials also appear next to a parole condition recognizing that fact. Exh. 1 to Johns Decl., at 3. Defendant also does not contest his mother's previous grand jury testimony that both she and the Defendant knew he was banned from the premises and had been previously told as much by tribal authorities.

The Court has considered Mota's declaration attesting to the fact that 555 Yellow Hammer was one of two residences he maintained in January 2013, and that he had access to the entire house and garage. Declaration of Jonathan Mota ¶ 3, ECF No. 37-2. However, after considering these and other facts in evidence, the Court concludes that Mota did not have a sufficient property interest in 555 Yellowhammer or a sufficiently reasonable expectation of privacy therein that permits him to challenge the constitutionality of the search.

**B.     Parole Search**

The Ninth Circuit recently held:

> Police or parole officers may lawfully conduct searches of parolees or their residences without satisfying the Fourth Amendment's warrant requirement when certain conditions are met. One such condition is that the parolee is subject to a provision authorizing such warrantless searches. See United States v. Lopez, 474 F.3d 1208, 1212–14 (9th Cir. 2007) (citing Samson v. California, 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006)), overruled in part on other grounds, United States v. King, 687 F.3d 1189 (9th Cir.2012) (en banc) (per curiam). Under our precedents, a second such condition is that "[b]efore conducting a warrantless search" of a residence "pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched." United States v. Howard, 447 F.3d 1257, 1262 (9th Cir. 2006) (quoting Motley v. Parks, 432 F.3d 1072, 1080 (9th Cir. 2005) (en banc), overruled in part on other grounds, King, 687 F.3d 1189).

United States v. Grandberry, ___ F.3d ___, No. 11-50498, 2013 WL 5184439, at *3 (9th Cir. Sept. 17, 2013).

Defendant does not dispute that he signed a form acknowledging that, as a condition of his parole, he, his residence, and any property under his control could be searched without a warrant by any law enforcement officer. Exh. 1 to Johns Decl., at 1. The only question is whether the officers had probable cause to believe that 555 Yellowhammer was Defendant's "residence."[1]

Under Howard and Motley, officers are "entitled to rely on their knowledge of the parolee's most recent address, as reported by the parolee to his parole officer." Howard, 447 F.3d

---

[1] The United States also argues that, even if 555 Yellow Hammer was not Defendant's residence, a warrantless search of the property was still justified because Defendant's parole conditions permitted warrantless search of "any property under his control." ECF No. 46, 10:14-11:7. Grandberry rejected this argument. 2013 WL 5184439, at *10-12.

3

at 1265 (citing Motley, 432 F.3d at 1082). According to Agent Johns, Mota supplied 555 Yellow Hammer as his parole address of record in August 14, 2012, and he never subsequently submitted the required form to change his parole address to any other address. Johns Decl. ¶ 8. This statement, however, is contradicted by Deputy Sheriff Keithly's affidavit in support of the search warrant:

> I contacted Mota's Parole Officer, David Johns. Johns told me Mota had provided a parole address of 555 Yellow Hammer Lane in Lakeport as of 08/14/2012. *On 08/30/2012, Mota changed his parole address to 5158 State Street in Kelseyville.* On 01/23/2013, Johns spoke to Mota on the telephone. Mota told Johns he is back and forth between his mother's residence at 555 Yellow Hammer Lane in Lakeport and his girlfriend's address at 5158 State Street in Kelseyville. Mota told Johns he and his girlfriend get into fights. When Mota and his girlfriend fight, Mota goes to his mother's residence located at 555 Yellow Hammer Lane in Lakeport.

Affidavit for Search Warrant, ECF No. 37-1, at 2 (emphasis added).

Even assuming, however, that 555 Yellow Hammer did not qualify as the "most recent address" provided by Mota to his parole officer, the totality of the circumstances demonstrate that the officers had probable cause to believe that 555 Yellow Hammer was Mota's address.

In Howard, the Ninth Circuit noted that "'certain patterns' . . . [have] 'clearly emerge[d]' in most cases in which officers have probable cause to conclude that a parolee lived in a residence 'not reported by [the] parolee' as his address." Grandberry, 2013 WL 5184439, at * 6 (quoting Howard, 447 F.3d at 1265). "The 'patterns' Howard enumerated were: (1) 'the parolee did not appear to be residing at any address other than the one searched'; (2) 'the officers had directly observed something that gave them good reason to suspect that the parolee was using his unreported residence as his home base'; (3) 'the parolee had a key to the residence in question'; and (4) 'either the parolee's co-resident or the parolee himself identified the residence in question as that of the parolee.'" Grandberry, 2013 WL 5184439, at *6 (quoting Howard, 447 F.3d at 1265-66). "These factors are viewed cumulatively rather than independently for purposes of assessing probable cause as to residence." Grandberry, 2013 WL 5184439, at *6.

Here, while not all of these factors are applicable, the first, second and fourth factors strongly support the existence of probable cause. Officers attempted to contact the defendant at

4

the 5158 State Street address on January 22, 2013. Declaration of Frank Walsh ("Walsh Decl.") ¶ 2, ECF No. 46-2. Officers found that the defendant was not at that address, and neither were any items or clothing belonging to him. Id. On January 25, other detectives also visited 5158 State Street, and did not find Mota there, but did talk to an individual apparently residing there who informed the detectives that Mota could be found at his mother's house. Walsh Decl. ¶ 4; see also Declaration of Detective Dennis Keithly ("Keithly Decl.") ¶ 4, ECF No. 46-3.

After contacting Agent Johns on January 25, officers also learned that Mota had two days earlier reported to his parole officer that he was "back and forth" between 555 Yellow Hammer Lane in Lakeport and 5158 State Street in Kelseyville. Keithly Decl. ¶ 5.

While there is no evidence the officers knew Mota had a key to 555 Yellow Hammer, this fact alone cannot defeat the sufficiency of the remaining evidence. At the time the search was conducted, the officers had probable cause to believe 555 Yellow Hammer was Mota's residence.

### C. Sufficiency of the Warrant

Since the Court concludes that Mota lacks standing to seek to suppress the evidence, and also concludes that the search was constitutional without a warrant, the Court does not address the question of the warrant's sufficiency.

### D. Request for Evidentiary Hearing

The defendant's request for an evidentiary hearing is denied. The Court concludes that the motion would be denied regardless of whether Agent Johns were cross-examined regarding the few factual points that are in dispute. United States v. Godinez, 309 F. App'x 96, 97 (9th Cir. 2009).

## III. CONCLUSION

For the foregoing reasons, the motion to suppress evidence is DENIED.

Dated: October 25, 2013

_____
JON S. TIGAR
United States District Judge