BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAMALI TAYLOR (CABN 262489)
SARAH HAWKINS (CABN 257723)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    damali.taylor@usdoj.gov; sarah.hawkins@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13-CR-93-JST |
| Plaintiff, | UNITED STATES' TRIAL MEMORANDUM |
| v. | Date: February 29, 2016 |
| JONATHAN MOTA, | Time: 9:30 a.m. |
| Defendant. | Court: Hon. Jon S. Tigar |

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
13-CR-93 JST                        i

## I. SUMMARY OF ANTICIPATED EVIDENCE AT TRIAL

Defendant Mota is charged with robbery affecting interstate commerce (Count One), use and possession and discharge of a firearm during the robbery charged in Count One (Count Two), use of a firearm causing the murder of Forrest Seagrave during the robbery charged in Count One (Count Three), and with possession of a firearm by a convicted felon (Count Four).  Count Four has been severed from Counts One through Three and will be presented in a bifurcated trial.  The trial is currently set for March 7, 2016.

The evidence at trial will show that, on the evening of January 18, 2013, the defendant—wearing a hoodie, ski mask, baggy jeans and gloves, and armed with a silver revolver or handgun—robbed the Mount Knocti Gas and Mart (hereinafter, the "Store 24") in Kelseyville, California.  In the process, the defendant shot and killed Forrest Seagrave, a store clerk who was mopping up and preparing to end his shift.  Mr. Seagrave died from a single gunshot to the right side of his neck that traversed his upper trachea and chest cavity, coming to rest just anterior to the upper portion of his left scapula.  He also suffered a graze gunshot wound to the fourth and fifth fingers of his right hand.  The events of that evening were captured on surveillance video inside the Store 24.  The government will introduce that video.  However, the assailant went to great pains to conceal his identity.  As a result, the government will present additional evidence—both in the form of witness testimony and physical evidence—that places the defendant at the scene of the robbery/homicide.  Some of that evidence is as follows:

**Video Footage**

The government will introduce video footage from the exterior wall of the Store 24 on the afternoon of January 18, 2013.  The footage shows the defendant casing the Store 24 in a vehicle that was stolen that very morning from a residence in Kelseyville, California.  The government will also introduce later footage from the same exterior wall camera, which shows the assailant entering and exiting the Store 24 before and after the robbery/homicide.  Next, the government will introduce video footage from the exterior wall of the Napa Auto Body shop from January 18, 2013 at approximately 10:53 p.m.  The footage shows the stolen vehicle on its path of flight from the Store 24 to the Big Valley Rancheria in Lakeport, California.

Finally, the government will introduce video footage from the Big Valley Rancheria at various

times on January 18, 2013.  The footage will show the stolen vehicle at the defendant's mother's home and other key locations associated with the defendant before and after the robbery/homicide.

**Witness Testimony**

The government will present witnesses during its case-in-chief who will testify that 1) the defendant was in the vicinity of the Store 24 on the date and at the time of the robbery/homicide; 2) the defendant was wearing clothes that match the clothing worn by the assailant in the store video; and 3) the defendant admitted to the murder in the days and months following the robbery/homicide.

## II.     EVIDENTIARY ISSUES FOR TRIAL

### A. Defendant's Statements

Prior statements made by a defendant are non-hearsay when offered by a party opponent – in this case, by the government.  Fed. R. Evid. 801(d)(2)(A).  A defendant, however, may not elicit his own prior statements; they are inadmissible hearsay.  *Id.*; *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).  To hold otherwise would allow a defendant "to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'"  Ortega, 203 F.3d at 682 (*quoting United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988)).  This is true even if the government has offered other portions of the defendant's statement, and the defendant purports to offer additional portions for context under the rule of completeness, Federal Rule of Evidence 106.  The rule of completeness, which applies only to written and recorded statements, does not transform inadmissible hearsay into admissible evidence.  See id. at 682-83; *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (holding that "Rule 106 'does not compel admission of otherwise inadmissible hearsay evidence'").

In this case, defendant Mota made non-hearsay statements admitting to the murder to at least two witnesses.  The defendant has also made statements on a number of jail recordings that will be offered by the United States.

//

//

//

2

**B. Transcripts**

Transcripts of recordings the government intends to introduce in its case-in-chief will be provided to the defense on the date of this filing.

**C. Expert Witness Testimony**

To date, the government has notified the defense that we expect to call the following expert witnesses in the government's case-in-chief, all pursuant to Federal Rules of Evidence 702, 703, and/or 705, and Federal Rule of Criminal Procedure 16(a)(1)(G):

1. Arnold Josselson, M.D.
2. Toxicologist Bill Posey
3. ATF Special Agent Chris Lewis, Cellebrite Expert
4. ATF Special Agent Greg Estes, Digital and Mobile Forensics Expert
5. FBI Special Agent Donovan McKendrick, Cellebrite Expert
6. NCRIC Lead Intelligence Analyst Christopher Hernandez, Cellular Forensic Expert
7. ATF Analyst Michelle Beltz, Video Enhancement Expert
8. ATF DNA Technical Leader, Todd Bille, DNA Expert
9. Melanie Smith, California Department of Justice Latent Print Analyst
10. Lillian Tugado, California Department of Justice Senior Criminalist
11. Kay Belschner, California Department of Justice Senior Criminalist
12. Dale Cloutier, California Department of Justice Senior Criminalist
13. ATF Special Agent Debra Martinez, Intelligence Research Specialist

The United States has also provided the defense with curricula vitae for the proposed experts. The parties are currently discussing which, if any, of the proposed experts the defense objects to.

Despite the February 5, 2016 deadline set by the Court, the defense has not disclosed any experts.

**D. Stipulations**

On February 14, 2016, the government provided a list of 23 separate proposed stipulations to the defense. The government is informed that defendant Mota is currently in talks with advisory counsel

regarding which, if any, of the government's proposed stipulations the defendant will agree to. The government will file the stipulations as soon as we are informed of those decisions.

### E. Exhibit and Witness Lists

The government will file its Exhibit List and Witness List on Wednesday, February 24, 2016, the date set by the Court.

### F. Jury Instructions

As discussed during the February 19, 2016 hearing, the parties will file a joint set of jury instructions on Wednesday, February 24, 2016. If the parties are unable to reach agreement with respect to particular instructions, each party will file its proposed "disputed" instructions separately along with the basis for the inclusion of the disputed instructions.

## III. CONCLUSION

The United States respectfully requests leave to file such supplemental memoranda as may be necessary before or during trial in this case.

DATED: February 22, 2016                    Respectfully submitted,

                                                      BRIAN J. STRETCH
                                                    Acting United States Attorney

                                                    /s/
                                                    DAMALI TAYLOR
                                                    SARAH HAWKINS