UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JONATHAN MOTA,<br>　　　　Defendant. | Case No. 13-cr-00093-JST-1<br><br>**ORDER REGARDING JURY INSTRUCTION ON SECOND DEGREE MURDER** |

　　　　The parties agree on all proposed jury instructions except the instruction for second degree murder.  The Government's proposed instruction, in relevant part, instructs the jury that it must find two elements:  "First, the defendant unlawfully killed Forrest Seagrave; [and] Second, the defendant killed Forrest Seagrave with malice aforethought."  The Defendant argues that the instruction should also contain a third element:  either "Third, the killing occurred at [specify place of federal jurisdiction]" or "Third, the killing occurred at the Mount Konocti Gas and Mart, in Kelseyville, California."  The defense contends that the Court must include this third element "as it provides the jurisdiction for this count to be in federal court."  The disputed language comes from 18 U.S.C. § 1111.

　　　　The defendant is not charged with violating 18 U.S.C. § 1111, but with violating 18 U.S.C. § 924(j), which adopts only the definition of murder set forth in Section 1111.  Section 924(j), in turn, prohibits a violation of 18 U.S.C. § 924(c) – i.e., the use or possession of a firearm in furtherance of a crime of violence or a drug trafficking crime – that causes, *inter alia*, a murder as defined under 18 U.S.C. § 1111.  "Thus, the conduct elements of a § 924(j) violation are (1) the use of a firearm to cause the death of a person and (2) the commission of a § 924(c) violation. The conduct elements of the § 924(c) violation, in turn, are (a) the use of a firearm and (b) the

commission of a crime of violence." United States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001). The jurisdictional language in Section 1111 is simply not part of this analysis.

In United States v. Adams, 581 F.2d 193 (9th Cir. 1978), the defendant was convicted of conspiracy, assault with intent to rob, robbery, and murder of a postal employee. On appeal, he contended that the count in the indictment charging the murder of a postal employee did not allege a federal offense. Id. at 195. Because the statute criminalizing that conduct, 18 U.S.C. § 1114, imported the definition of murder from Section 1111, he argued that Section 1114 "limits federal jurisdiction over the murder of postal employees to those occurring in the special maritime and territorial jurisdiction of the United States." Id. The Ninth Circuit concluded that the argument was "frivolous." Id.

Defendant makes essentially the same argument here, and the Court rejects it for the same reasons. The Court will give the instruction proposed by the Government.

IT IS SO ORDERED.

Dated: June 18, 2016

_____
JON S. TIGAR
United States District Judge