1
2
3
4                       UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    UNITED STATES OF AMERICA,              Case No. 13-cr-00093-JST-1
                    Plaintiff,
8
                                            **ORDER GRANTING LEAVE TO**
9           v.                              **AMEND MOTION TO VACATE**

10   JONATHAN MOTA,                         Re: ECF No. 514
                    Defendant.
11

12

13          In July 2016, a jury convicted Jonathan Mota of Hobbs Act robbery, use or possession of a

14   firearm during and in relation to a crime of violence, and causing the death of a person through use

15   of a firearm during a crime of violence.  ECF No. 423 at 1-2.  Mota appealed his conviction to the

16   Ninth Circuit, which vacated his conviction and sentence for use or possession of a firearm during

17   and in relation to a crime of violence as multiplicitous, but affirmed the judgment in all other

18   respects. *United States v. Mota*, 753 F. App'x 470 (9th Cir. 2019).  This Court issued an amended

19   judgment on September 21, 2020.  ECF No. 507.

20          On April 30, 2021, Mota timely filed a motion to vacate his sentence under Section 2255.

21   ECF No. 508.  Mota then amended his motion to vacate on October 4, 2021.  ECF No. 514.  After

22   the government's opposition brief was filed, the Court granted Mota's former counsel's motion to

23   withdraw and appointed counsel to file a reply brief.

24          Mota's reply brief requests leave to further amend his motion to vacate "in order to raise a

25   standalone ineffective assistance of appellate counsel claim."  ECF No. 526 at 7, 24.  Because the

26   request was first made on reply, the Court ordered additional briefing on the subject.  ECF No.

27   527.  The government opposes Mota's request for leave to amend, arguing that the statute of

28   limitations has expired and Mota's proposed ineffective assistance of appellate counsel claim does

United States District Court
Northern District of California

1    not relate back to any of his properly filed claims.  ECF No. 530.

2         Section 2255 motions are subject to a one-year statute of limitations that that runs from, in

3    relevant part, "the date on which the judgment of conviction becomes final."  28 U.S.C. §

4    2255(f)(1).  A judgment of conviction becomes final once the time has passed for appealing the

5    district court's entry of amended judgment.  *United States v. Colvin*, 204 F.3d 1221, 1226 (9th Cir.

6    2000).  This Court issued its amended judgment on September 21, 2020.  ECF No. 507.  Pursuant

7    to the Federal Rules of Appellate Procedure, a criminal defendant has 14 days to file a notice of

8    appeal after entry of judgment.  F. R. App. P. 4(b)(1)(A).  Thus, the one-year statute of limitations

9    began to run on October 5, 2020, upon expiration of Mota's deadline to appeal the amended

10   judgment.  The statute of limitations for his Section 2255 motion therefore expired on October 5,

11   2021.

12        Because the statute of limitations has expired, any new claim is timely only if it relates

13   back to a properly filed claim.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  A new claim relates

14   back to a properly filed claim if the claims arise out of the same "conduct, transaction, or

15   occurrence," such that they "are tied to a common core of operative facts."  *Id.*  However, "[a]n

16   amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time

17   limit) when it asserts a new ground for relief supported by facts that differ in both time and type

18   from those the original pleading set forth."  *Id.* at 650.  "[T]he 'time and type' language in *Mayle*

19   refers not to the claims, or grounds for relief," but rather "the facts that support those grounds."

20   *Ha Van Nguyen v. Curry*, 738 F.3d 1287, 1297 (9th Cir. 2013) (emphasis omitted), *abrogated on*

21   *other grounds by Davila v. Davis*, 582 U.S. 521 (2017).

22        Mota's initial motion to vacate, filed on April 30, 2021, advanced four claims for relief: (1)

23   that his conviction under 18 U.S.C. § 924(i) should be vacated because the predicate offense is not

24   a crime of violence; (2) that the same conviction should be vacated because he is actually innocent

25   of second-degree murder and was acquitted of first-degree murder; (3) that the government

26   withheld material impeachment evidence in violation of his due process rights under *Brady v.*

27   *Maryland*, 373 U.S. 83 (1963); and (4) that the jury received improperly redacted trial exhibits in

28   violation of his due process rights.  His amended motion to vacate, filed on October 4, 2021,

United States District Court
Northern District of California

2

1   advanced the same four claims, as well as a fifth claim concerning juror bias and misconduct.

2          Mota now seeks leave to amend to add a claim for ineffective assistance of appellate

3   counsel based on counsel's failure to raise the substantive claims of grounds three, four, and five

4   on direct appeal.  An ineffective assistance of counsel claim relates back to an earlier-filed

5   substantive claim if the claims are supported by a common core of operative facts.  *See Nguyen*,

6   736 F.3d at 1297 (holding that claim for ineffective assistance of appellate counsel based on

7   failure to raise double jeopardy related back to cruel and unusual punishment and double jeopardy

8   claims because all were "supported by a common core of facts").[1]

9          Mota's new ineffective assistance of appellate counsel claim and his timely claim raised in

10  grounds three, four, and five are "tied to a common core of operative facts": whether the

11  government disclosed the letter that Mota asserts was material impeachment evidence; whether the

12  jury reviewed inadmissible and prejudicial material; and whether juror bias or misconduct

13  occurred.  *Mayle*, 545 U.S. at 664; *see Rodriguez v. Davey*, No. 120cv02260 TLN GGH P, 2015

14  WL 5895805, at *12 (E.D. Cal. Oct. 6, 2015) (holding new claims for ineffective assistance of

15  trial and appellate counsel related back to prior instructional error claim), *findings and*

16  *recommendations adopted*, 2015 WL 8280632 (E.D. Cal. Dec. 8, 2015); *Patton v. Beard*, No. 14-

17  CV-569-BEN (BLM), 2015 WL 1812811, at *11 (S.D. Cal. Apr. 20, 2015) (holding new

18  ineffective assistance claim related back because all claims arose "from the same core of operative

19  facts—exclusion of [potentially exculpatory] evidence"); *Brannigan v. Baughman*, No. 2:13-cv-

20  01810-JKS, 2017 WL 3913909, at *5 (E.D. Cal. Sept. 7, 2017) (new ineffective assistance of

21  counsel claim related back to substantive claim where claims were "supported by the same facts").

22  _____

23  [1] The government argues that the Ninth Circuit's holding in *Nguyen*, 738 F.3d at 1297, is in
    tension with its holding in *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012).  ECF No.

24  530 at 6 n.8.  In *Schneider*, the Ninth Circuit held that a new substantive claim concerning the trial
    court's denial of a mid-trial motion to sever did not relate back to an ineffective assistance of

25  counsel claim based on the failure to investigate a co-defendant's trial strategy, which might have
    prompted the earlier filing of a motion to sever.  674 F.3d at 1151.  However, as courts have

26  noted, *Schneider* did not hold that an ineffective assistance of counsel claim cannot relate back to
    a substantive claim where, as here, the claims share a common core of operative facts.  *See, e.g.*,

27  *Wright v. LeGrand*, No. 3:12-CV-00286-MMD-VPC, 2014 WL 3428487, at *2 (D. Nev. July 10,
    2014) ("*Schneider* made no holding that a claim of ineffective assistance . . . never can relate back

28  to a substantive claim even where the [claims] arise from the same operative facts—such as
    allegedly improper questioning to which counsel did not object.").

United States District Court
Northern District of California

1   While additional facts are needed to establish an ineffective assistance of appellate counsel claim,

2   such a claim is necessarily supported by facts of the same type and time as those necessary to

3   establish the underlying substantive claims.  *Nguyen*, 736 F.3d at 1297.

4         Mota's request for leave to amend to raise an ineffective assistance of counsel claim is

5   granted.  Mota is ordered to file a second amended motion to vacate within 28 days of this order.

6         **IT IS SO ORDERED.**

7   Dated:  May 25, 2023



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4